IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-84-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TONY WARD, | ) | |
| | ) | |
| Defendant. | ) | |

On August 16, 2010, without a written plea agreement, Tony Ward ("Ward") pleaded guilty to possession of a firearm by a convicted felon (count three). See [D.E. 1, 26, 59]. On August 24, 2010, pursuant to a plea agreement, Ward pleaded guilty to possession with the intent to distribute a quantity of cocaine base (crack) (count one), and possession of a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 1, 28, 29, 60]. On December 9, 2010, the court held Ward's sentencing hearing. See [D.E. 32, 33, 58]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Ward's total offense level to be 23, his criminal history category to be VI, and his advisory guideline range on counts one and three to be 92 to 115 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Ward to 108 months' imprisonment on counts one and three and 60 months' consecutive imprisonment on count two. See id.; [D.E. 58, 62]. Ward did not appeal.

On November 17, 2014, and on February 18, 2016, Ward moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 64, 68]. Ward's new advisory guideline range on counts one and three is 77 to 96 months' imprisonment, based on

a total offense level of 21 and a criminal history category of VI. See Resentencing Report. Ward requests a 90-month sentence for counts one and three. See id.

The court has discretion to reduce Ward's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Ward's sentence, the court finds that Ward engaged in serious criminal behavior. See PSR ¶¶ 5–8. Moreover, Ward is a violent recidivist and has convictions for resisting a public officer, larceny, possession of a weapon of mass destruction, and assault with a deadly weapon. See id. ¶¶ 15–18. Ward also has performed poorly on supervision and no work history. See id. ¶¶ 11–14, 17, 39–40. Ward has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for highly disruptive conduct, misusing authorized medication, and fighting with another inmate. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Ward received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Ward's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Ward's motion for reduction of sentence under

Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Ward's motions for reduction of sentence [D.E. 64, 68].

SO ORDERED. This 23 day of May 2018.

                                                JAMES C. DEVER III
                                                Chief United States District Judge